IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROBERT PURVIS**                                                              **PLAINTIFF**

V.                          **CASE NO. 3:20-CV-142-BD**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

**ORDER**

I. **Introduction:**

On September 19, 2017, Robert Purvis applied for disability benefits, alleging disability beginning September 15, 2017. (Tr. at 10) His claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Purvis's application. (Tr. at 18) Mr. Purvis requested that the Appeals Council review his application, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Purvis filed this case seeking judicial review of the decision denying his benefits.

II. **The Commissioner's Decision:**

The ALJ found that Mr. Purvis had not engaged in substantial gainful activity since the alleged onset date of September 15, 2017 (Tr. at 12) and found that he had the following severe impairments: degenerative disc disease with fusion of T11-L3. (Tr. at 13)

After finding that the impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Mr. Purvis had the residual functional capacity (RFC) to

perform work at the sedentary exertional level, with additional limitations. *Id*. He would require the ability to alternate, at will, between sitting and standing. *Id*. He could occasionally stoop in order to reach down to tabletop level. *Id.* And he could occasionally kneel or climb stairs; but he could not crouch or climb ladders or scaffolds. *Id*.

The ALJ found that Mr. Purvis was unable to perform any of his past relevant work. (Tr. at 16) Relying upon the testimony of a Vocational Expert, the ALJ found, based on Mr. Purvis's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that he could perform, including work as document preparer and assembler/inspector. (Tr. at 18) Thus, the ALJ determined that Mr. Purvis was not disabled. *Id*.

### III.   Discussion:

#### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the Commissioner's decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

B.  Mr. Purvis's Arguments on Appeal

Mr. Purvis maintains that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ failed to conduct a proper analysis of his subjective complaints and that he failed to give good reasons for discounting the medical opinions. The Court finds support for the first argument.

Mr. Purvis suffered from serious back pain even after a fusion surgery. A nurse, whom Mr. Purvis saw at his neurosurgery clinic, said that he could not return to his previous work; and she prescribed narcotics and muscle relaxers. (Tr. at 558-561) Mr. Purvis tried physical therapy, but the exercises were too painful. (Tr. at 579-583) He wore a back brace for as much time as he could. (Tr. at 44)

When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, and the claimant's work history, as well as other evidence: the claimant's daily activities; the duration, frequency, and intensity of the claimant's pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; and the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). The ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Trudell v. Saul*, 2021 U.S. Dist. LEXIS 64492 *5 (E.D. Mo. April 2, 2021); *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may disbelieve a claimant's subjective complaints, however, when they are inconsistent with the record as

3

a whole. *Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). Where the ALJ seriously considered, but for good reasons explicitly discounted, a claimant's subjective complaints, the court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

In this case, the ALJ did not seriously consider Mr. Purvis's subjective complaints. The only factor he discussed was Mr. Purvis's daily activities. As Mr. Purvis points out in his brief, the ALJ mischaracterized some of Mr. Purvis's statements. (Tr. at 14) The ALJ did not discuss side effects of medication; and Mr. Purvis's treating physician opined that Mr. Purvis would *very frequently* need to be redirected due to medication side-effects. (Tr. at 740-741) Mr. Purvis stated that his medication caused him to sleep all day. (Tr. at 846-847)

The ALJ did not discuss evidence indicating that treatment modalities were only minimally effective in managing Mr. Purvis's pain. (Tr. at 866-867) He did not discuss the functional restrictions that the treating physician placed on Mr. Purvis (a limitation to less than sedentary work, with standing and sitting less than two hours during the workday and a need for frequent rest periods). (Tr. at 740-741) And he did not discuss Mr. Purvis's two failed work attempts attributable to side-effects of medication. (Tr. at 32, 749); *see Cain v. Saul*, 2020 U.S. Dist. LEXIS 86009 at *7 (W.D. Ark. May 12, 2020) (ALJ's failure to fairly consider claimant's subjective complaints, including his failed work attempt, required reversal).

The ALJ's discussion of subjective complaints consisted of three short paragraphs, in which he repeated a laundry list of daily activities Mr. Purvis could perform. (Tr. at 14) He did not take into account Mr. Purvis's testimony that he could not stand while washing dishes and had to use a motorized cart at the grocery store. (Tr. at 43-42). Mr. Purvis also reported that he could not comfortably sit at home and had to rest in a recliner most of the day while constantly rocking and shaking his right leg. *Id*.

The record supported Mr. Purvis's description of his limitations, and the ALJ should have better explained his analysis. Instead, the ALJ's discussion of subjective complaints was cursory and incomplete. For this reason, reversal is required.[1]

## IV.  Conclusion:

For the reasons stated above, the Court concludes that the ALJ's decision is not supported by substantial evidence in the record as a whole. The ALJ did not properly evaluate Mr. Purvis's subjective complaints. The decision is hereby reversed and the case remanded with instructions for further review.

---

[1] While Mr. Purvis did not raise the argument that the ALJ should have ordered a physical consultative examination, this might well be necessary to properly adjudicate the disability claim. Treating physician suggested that Mr. Purvis could not perform even sedentary work; and the reviewing state agency medical experts' opinions were split on RFC findings, with some limiting Mr. Purvis to light work and others limiting him to medium work. (Tr. at 64, 77, 108, 175, 739-741) With these conflicting assessments of Mr. Purvis's functional capacity, further development of the record would be appropriate.

IT IS SO ORDERED, this 17th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE